IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE J. ESKRIDGE,<br>Plaintiff,<br><br>v.<br><br>IMPRO CORPORATION,<br>DAN PARRISH,<br>RAY BRESLOFF &<br>BRADY TROUTMAN<br>　　　Defendants. | )<br>)<br>)<br>) Civil Action No. 06-583<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER OF COURT

Gary L. Lancaster,
District Judge.　　　　　　　　　　　　　　　October /2, 2006

　　　This is an action alleging employment discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq, ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq, ("PHRA"). In Counts I and II, plaintiff, Jesse J. Eskridge, alleges that defendant Impro Corporation discriminated against him on the basis of his race in violation of Title VII and the PHRA. In Counts III - V plaintiff further alleges that defendants Dan Parrish, Ray Bresloff and Brady Troutman aided and abetted the discrimination in violation of 43 P.S. § 955(e).

　　　Defendant Bresloff has filed a motion to dismiss Count V pursuant to Fed.R.Civ.P. 12(b)(6). Defendant Bresloff contends that plaintiff has failed to state of cause of action for which relief may be granted against him. Plaintiff argues that his

allegations are more than sufficient to withstand a motion to dismiss. The court agrees. Defendant Bresloff's motion to dismiss will be denied, without prejudice to his right to raise these arguments on a more fully developed factual record.

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to examine independently the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.40 (2d ed. 1990). See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is according to this standard that the court has reviewed defendant's motion. Based on the pleadings of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court is not persuaded "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46. Plaintiff has stated facts sufficient to maintain a claim for aiding and abetting discrimination in violation of 43 P.S. § 955(e) against defendant Bresloff.

Accordingly, this *12th* day of October, 2006, upon consideration of the defendant Bresloff's motion to dismiss Count V [doc. no. 9], IT IS HEREBY ORDERED that the motion is DENIED, without prejudice to defendant's right to raise the issue under Fed.R.Civ.P. 56 on a more fully developed record.

BY THE COURT:

/s/ G.L. Lancaster, J.

cc: All Counsel of Record